PER CURIAM.
Pursuant to a plea agreement, appellant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and the court sentenced him to prison for a term of 180 months. He now appeals his sentence, contending for the first time that the court committed constitutional error, under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), when it enhanced his sentence under the Guidelines on the basis of facts he did not admit (and because he had pled guilty, had not been found by a jury). Because appellant did not present his Blakely now Booker objection to the district court, we review his sentence for plain error.[1]
*245 To satisfy the plain-error standard, we must find that (1) the district court committed “error,” (2) the error was plain or obvious, and (3) the error “affected substantial rights” in that the error was prejudicial and not harmless. United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If these criteria are met, we may, in our discretion, correct the plain error if it “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).
In United States v. Rodriguez, 398 F.3d 1291 (11th Cir.2005), cert. denied — U.S. -, 125 S.Ct. 2935, — L.Ed.2d -, 2005 WL 483174 (2005), rehearing en banc denied, 406 F.3d 1261 (11th Cir.2005), we rejected a defendant’s Blakey/Booker claim under plain-error review, holding that the “error” in Booker was the use of extra-verdict enhancements under a mandatory system, not the use of extra-verdict enhancements to increase a defendant’s guideline range. Rodriguez, 398 F.3d at 1298-1301. We stated that, to satisfy the third prong of the plain-error test, a defendant
must establish a reasonable probability that if the district court had considered the guidelines range it arrived at using extra-verdict enhancements as merely advisory, instead of mandatory, and had taken into account any otherwise unconsidered [18 U.S.C.] § 3553 factors, the court would have imposed a lesser sentence than it did.
Id. at 1302.
Appellant’s sentence was enhanced under a mandatory guidelines system, as a result of facts the court found but appellant did not admit. These facts, which involved both the drug quantity attributable to appellant under the Guidelines and his role in the conspiracy, increased his base offense level. This was Blakely/Booker error, Rodriguez, 398 F.3d at 1299, and it was plain. Id. The question thus becomes whether appellant has carried his burden of establishing prejudice, the third prong of plain-error review. We conclude that he has not.
Title 18, Section 3553(a) of the United States Code provides that district courts imposing a sentence must first consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Because the court implicitly adopted the presentence report’s description of the offense and its findings on appellant’s history and characteristics, the court considered the nature and circumstances of the offense and appellant’s character. See 18 U.S.C. § 3553(a)(1). The district court was within its statutory authority to sentence him to any term between ten years (120 months) and his natural life. 21 U.S.C. § 841(b). It sentenced him to a term of 180 months — a term within the lower half of his Guidelines sentence range. In fact, the court was not prohibited by the applicable Guidelines from sentencing to a term less than 180 months.
Nothing in the record establishes a reasonable probability that, had the court considered the guidelines range as advisory rather than mandatory and taken into account any otherwise unconsidered § 3553 factors, it would have imposed a lesser sentence. Rodriguez, 398 F.3d at 1302; compare United States v. Shelton, 400 F.3d 1325, 1332-33, manuscript op. at 15 (11th Cir.2005) (holding that the sentencing court’s expressions, that the lowest sentence within the guidelines was too se *246 vere, was sufficient to show that the lower court would have imposed a lesser sentence if it had not felt bound by the Guidelines, thus satisfying plain error’s third prong).
Because appellant failed to establish prejudice, the third plain error prong, we are required to affirm his sentence.
AFFIRMED.

. After appellant filed his initial brief, the Supreme Court decided United States v. Booker, — U.S.-, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Booker made Blakely’s holding applicable to the federal Guidelines sentencing system. We refer to appellant's objection as a Blakely/Booker objection.